# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5967 | **DATE** | 9/1/2004 |
| **CASE TITLE** | Garvey Marine, Inc. vs. City of Blue Island, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the Memorandum Opinion and Order, motion of Equipment Rental Company to strike City of Blue Island's affirmative defenses [#72] and motion to strike Collins Equipment Engineers, Inc.'s affirmative defenses [#74] are both granted.

(11) ■ [For further detail see order attached to the original minute order.]

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |
|---|---|
| IN THE MATTER OF<br>GARVEY MARINE, INC., a<br>Corporation, For Exoneration From, or<br>Limitation of, Liability. | No. 03 C 5967<br>Judge Joan H. Lefkow |



## MEMORANDUM OPINION AND ORDER

On April 10, 2003, Garvey Marine, Inc. ("Garvey Marine"), was operating a tugboat pushing two barges on the Calumet/Sag River. As the tugboat approached the Division Street bridge located in Blue Island, Illinois, it came into contact with a bucket suspended from an underbridge boom owned by Equipment Rental Company ("ERC") and leased to Collins Engineers, Inc. ("Collins"). Collins' employees Jeremy Koonce and Evan Buckhouse were inside of the bucket at the time of contact. Mr. Buckhouse died as a result of the accident and Mr. Koonce has claimed personal injuries.

On August 25, 2003, Garvey Marine filed suit under this court's admiralty jurisdiction seeking "Exoneration From, or Limitation of, Liability." Along with its Complaint, Garvey Marine filed third-party complaints against the City of Blue Island ("Blue Island"), Robinson Engineering, Ltd., Collins and ERC. Thereafter, the court authorized other interested parties to file cross-claims.

ERC filed cross-claims for damages and contribution against both Collins and Blue Island on November 25, 2003. Blue Island answered the cross-claim on December 8, 2003, while Collins answered on January 12, 2004. Both Collins and Blue Island asserted affirmative

defenses. Currently pending before the court are motions by ERC to strike the affirmative defenses of both Collins and Blue Island. For the reasons stated below, both motions are granted.

### A. Collins

ERC's cross-claim against Collins contains two counts. Count I seeks recovery for the damages sustained to ERC's equipment, which ERC states was caused by Collins' negligence. In Count II, ERC seeks damages for contribution from Collins for any liability ERC may face to the Estate of Evan Buckhouse. With respect to Count II, in its Answer to the cross-claim Collins asserted affirmative defenses based on the Illinois Workers' Compensation Act. Collins states that as the employer of both Buckhouse and Koonce, its contribution is limited to the amount of workers' compensation benefits paid to its employees. *E.g.*, 820 ILCS 305/5; *Kotecki v. Cyclops Welding Corp.*, 146 Ill. 2d 155, 165, 585 N.E. 2d 1023, 1027-28 (1991). ERC moves to strike these affirmative defenses on grounds that because this is a case brought under admiralty jurisdiction, federal maritime law rather than Illinois law must be applied. In response, Collins asserts that although the underlying Complaint may be governed by federal maritime law, the cross-claims are not and seek damages under state law.

Under 28 U.S.C. § 1333(1), district courts have original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction . . . ." Moreover, the Admiralty Extension Act, 46 U.S.C.App. § 740, provides that admiralty jurisdiction "shall extend to and includes all cases of damage or injury, to person or property, caused by a vessel on navigable waters, notwithstanding that such damage or injury be done or consummated on land." A party seeking to invoke this court's admiralty jurisdiction under 28 U.S.C. § 1333(1) "must satisfy conditions both of location and of connection to maritime activity." *Jerome B. Grubart, Inc. v. Great Lakes*

2

*Dredge & Dock Co.*, 513 U.S. 527, 534 (1995). The location test looks at "whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water." *Id.* (citing 46 U.S.C.App. § 740). The connection test raises two issues. First, the court assesses the "general features of the type of incident involved" to determine whether the incident has "a potentially disruptive impact on maritime commerce." *Id.* (citing *Sisson v. Ruby*, 497 U.S. 358, 363-64 and n.2 (1990)). Next, the court must determine whether "the general character" of the "activity giving rise to the incident shows a substantial relationship to traditional maritime activity." *Id.* (citing *Sisson*, 497 U.S. at 364-65 and n.2).

At least with respect to Garvey Marine's underlying Complaint, Collins does not dispute that maritime jurisdiction exists. The location test described above is easily satisfied insofar as the activity here either occurred on navigable waters or, to the extent it did not, was caused by a vessel on a navigable water. In addition, the connection test is also easily passed. An incident such as the one in this case could potentially disrupt maritime commerce through obstruction of the waterway following the collision. Also, the accident in question was related to traditional maritime activities because it involved a tugboat's transporting items over a navigable waterway. *See Jerome B Grubart, Inc.*, 513 U.S. at 540 ("Navigation of boats in navigable waters clearly falls within the substantial relationship.") (citations omitted). Thus, the court is satisfied that, under the test described above, its admiralty jurisdiction is invoked.

Collins, nevertheless, states that its affirmative defenses survive because ERC's claims are brought under state law, and under Illinois law the *Kotecki* liability cap that is the subject of the affirmative defenses does not conflict with, and therefore is not preempted by, federal maritime law. First, there is no indication in its pleading that ERC's cross-claims are brought

3

under state law. Moreover, as ERC points out, the language of § 740 states that admiralty jurisdiction extends to "all" cases of damages by a vessel on navigable waters even if the damage was done on land. *See also, East River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 864 (1986) ("With admiralty jurisdiction comes the application of substantive maritime law."). The court agrees with ERC that because its Third-Party Complaint arises from injury to person and damage to property resulting from a collision or allision by a vessel on navigable water, federal maritime law, and not state law, controls the claims.

When maritime law controls, state law is preempted if it defeats existing maritime rights or enlarges existing maritime liabilities. *See Great Lakes Dredge & Dock Co. v. City of Chicago*, No. 92 C 6754, 1996 WL 210081, at *1 (N.D. Ill. April 26, 1996) (citing *Kossick v. United Fruit Co.*, 365 U.S. 731, 741-42 (1961)); *see also, Bagrowski v. American Export Isbrandtsen Lines, Inc.*, 440 F.2d 502, 506 (7th Cir. 1971) ("federal power is dominant in the maritime field and states may not deprive a party of a federally created maritime right."). Under maritime law, damages are generally "allocated among the parties proportionately to the comparative degree of fault . . . ." *United States v. Reliable Transfer Co., Inc.*, 421 U.S. 397, 411 (1975); *see also, Cement Div., Nat. Gypsum Co. v. City of Milwaukee*, 915 F.2d 1154, 1159 (7th Cir. 1990); *In re Matrick "Sunset Ltd." Train Crash in Bayou Canot, Ala.*, 121 F.3d 1421, 1423-24 (11th Cir. 1997). Conversely, under Illinois law, an action for contribution by a third-party defendant against an employer of an injured employee is allowed only to the extent of the employer's workers' compensation liability. *See Kotecki*, 146 Ill. 2d at 166, 585 N.E. 2d at 1028. Thus, as ERC points out, application of the Illinois *Kotecki* cap would limit ERC's right under admiralty law to have damages allocated based on the comparative degree of fault. Accordingly,

4

Illinois law is, necessarily, preempted and the *Kotecki* cap does not apply. *Cf. Bagrowski*, 440 F.2d at 509 ("exclusive remedy" contained in Wisconsin Workers' Compensation Act could not bar right to indemnification under federal maritime law).

In response, Collins points to *Couch v. CRO-Marine Trans., Inc.*, 725 F. Supp. 978 (C.D. Ill. 1989), where the court held that Section 905(a) of the Longshoreman and Harbor Workers Compensation Act was not a procedural bar to a contribution claim against an employer. *Id.* at 982-83. The *Couch* case, however, did not address the *Kotecki* liability cap for contribution claims against employers (indeed, *Couch* was decided in 1989 and *Kotecki* was not decided until 1991). The court in *Couch* does state the principle at play in this case: that where state law either limits or enhances rights under maritime law, the state law is preempted. *Id.* at 982. Thus, the court does not believe *Couch* advances Collins' case here.

Wherefore, for the reasons stated above, ERC's motion to strike Collins' affirmative defenses is granted.

**B. Blue Island**

ERC also moves to strike the affirmative defenses pled by Blue Island. Similar to Collins, Blue Island asserts that state law controls the cross-claims ERC filed. Thus, in its first two affirmative defenses Blue Island seeks to invoke the immunity provided under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101. The court strikes these affirmative defenses based on the analysis applied above. Since this is an action in which admiralty jurisdiction is invoked, and since application of the Illinois Local Governmental and Governmental Employees Tort Immunity Act would limit ERC's right under federal maritime law to have damages allocated based on the comparative degree of fault, the

5

Illinois Local Governmental and Governmental Employees Tort Immunity Act must be preempted. Several courts have specifically come to this conclusion. *See, e.g., In re Chicago Flood Litig.*, 308 Ill. App. 3d 314, 331, 719 N.E. 2d 1117, 1129-30 (1999); *Great Lakes Dredge & Dock Co.*, 1996 WL 210081, at *2-3; *see also, City of Chicago v. White Transp. Co.*, 243 F. 358, 358-59 (7th Cir. 1917) ("[A] municipal corporation must respond to a libel *in personam* if a cause of action is stated under the maritime law, although the same acts of its servants would not constitute a cause of action under the local law of the state.").

As for its third affirmative defense, Blue Island states that ERC's Third-Party Complaint "has failed to state a claim against the City of Blue Island upon which any relief can be granted." Notwithstanding this affirmative defense, Blue Island did not file a motion to dismiss, *see* Fed. R. Civ. P. 12(b)(6), and instead filed an answer to the Third-Party Complaint. This court agrees with other decisions that have stricken such an affirmative defense as improper. *See, e.g., Riley v. Blagojevich*, No. 04 C 1296, 2004 WL 1745748, at *3 (N.D. Ill. July 30, 2004); *Surface Shields, Inc. v. Poly-Tak Protections Sys., Inc.*, 213 F.R.D. 307, 308 (N.D. Ill. 2003) ("This type of allegation is not an affirmative defense which adds substance to the litigation; it is clutter.").

Thus, based on the above, ERC's motion to strike Blue Island's affirmative defenses is also granted.

## CONCLUSION

For the reasons stated above, ERC's motion to strike Blue Island's affirmative defenses [#72] and motion to strike Collins' affirmative defenses [#74] are both granted.

Enter: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: September 1, 2004