UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



IN THE MATTER OF )
GARVEY MARINE, INC., a ) No. 03 C 5967
Corporation, For Exoneration ) Judge Joan H. Lefkow
From, or )
Limitation of, Liability. )

## MEMORANDUM OPINION AND ORDER

Garvey Marine, Inc. ("Garvey") seeks a protective order pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 26(c) precluding Christine Buckhouse ("Buckhouse") from proceeding with the deposition of its records custodian. For the reasons stated below, Garvey's motion is granted in part and denied in part.

## STANDARD

Rule 26 of the Fed.R.Civ.P. governs the scope of discovery in federal civil cases. Rule 26(b)(1) allows parties to discover information "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Upon a showing of good cause, a court may order discovery of "any matter relevant to the subject matter involved in the action." Moreover, Rule 26(c) authorizes a court "for good cause shown" to issue a protective order barring or limiting discovery when "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." The district court has discretion to decide when a protective order is appropriate and what degree of protection is required. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984). Only good cause is required in determining whether or not to issue a protective order. *Id.* at 37. In deciding whether good

1

cause exists, the district court must balance the interests of the parties, taking into account the harm to the party seeking the protective order and the importance of the disclosure to the non-moving party. *Wiggins v. Burge*, 173 F.R.D. 226, 229 (N.D. Ill. 1997). The party seeking the protective order has the burden of showing that good cause exists by alleging particular and specific facts. *See Gulf Oil Co. v. Benard*, 452 U.S. 89, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981).

## DISCUSSION

Buckhouse states that she needs to depose Garvey's records custodian to clarify a number of alleged discrepancies in testimony of other witnesses, to authenticate records and to verify the completeness of Garvey's document production. More specifically, Buckhouse asserts that she intends to depose Garvey's records custodian for the following purposes: (1) to authenticate Garvey training videos regarding man overboard procedures; (2) to verify the inclusive dates during which Garvey's January 1, 1998 safety manual was in effect and used by Garvey; (3) to authenticate the January 1, 1998 Garvey safety manual and any other safety manual adopted subsequent thereto; (4) to discover if Garvey has any records regarding the outfitting of its vessels with safety equipment, including skiffs; (5) to obtain the sale documents of all Garvey tugs sold as part of the Garvey vessel involved in the subject accident, the M/V Julie White; (6) to obtain marine casualty reports filed by Garvey with the United States Coast Guard for 10 years prior to the date of the subject accident; (7) to authenticate marine casualty reports filed by Garvey with the United States Coast Guard; and (8) to ask Garvey's records custodian to list on the record and authenticate the documents that Garvey has produced at the offices of its attorney, so that the parties herein may have a thorough accounting of those records.

Garvey has agreed that it will enter into a stipulation regarding the authenticity of

documents. As such, Buckhouse has no need to depose Garvey's records custodian for the purpose of authenticating Garvey's training videos, safety manuals, or any other document, item, or exhibit produced by Garvey during discovery.

Garvey fails to demonstrate "good cause" for precluding Buckhouse from deposing its records custodian for the purpose of verifying the period during which its January 1, 1998 safety manual was in effect. Garvey admits that its records custodian may have knowledge regarding the dates on which the manual was in use by Garvey, and his testimony is relevant as it would help establish that Garvey itself believed that having a skiff aboard its vessels was necessary and appropriate. Therefore, the deposition of Garvey's records custodian may proceed for this purpose.

Garvey has represented that it does not have a list or document that verifies whether a skiff was aboard the M/V Julie White on the date of the accident. Accordingly, there is no need to proceed with a deposition to produce or authenticate any such document. To the extent that Buckhouse seeks to discover whether Garvey has a list or document indicating whether a skiff was ever aboard the M/V Julie White, the court instructs Buckhouse to directly address that question to Garvey before attempting to proceed with the deposition of Garvey's records custodian. After reviewing the parties' submissions, it appears that the parties have not had a meeting of the minds regarding the scope of Buckhouse's request on this issue. If Garvey is unwilling to either admit or deny the existence of such a document, or if Garvey admits the document's existence but objects to the deposition of its records custodian for purpose of discovering the document, the court will reconsider Garvey's motion for protective order on this issue on proper notice to the court.

Garvey fails to demonstrate "good cause" for precluding Buckhouse to proceed with the deposition of its records custodian for the purpose of discovering all sale documents of all Garvey tugs sold as part of the sale of the M/V Julie White. Even assuming that the value of the M/V Julie White for purposes of the limitation fund is based on its value immediately after the incident on April 10, 2003, the sale documents of the M/V Julie White and other Garvey tugs are relevant to assess the reasonableness of Garvey's expert's valuation of the M/V Julie White in 2003. The sale price of the M/V Julie White in 2006 is a key indicator of the vessel's value in 2003. And since the M/V Julie White was sold as part of a much larger sale of Garvey's total tug inventory, documents relating to those sales are relevant to determine whether the M/V Julie White's 2006 sale price was artificially depressed.

Garvey represents that it and Buckhouse conferred during the discovery phase of this case in 2004 and early 2005 and reached an agreement pertaining to what documents would be produced regarding "other incidents" involving Garvey vessels. Though Buckhouse neither admits nor denies the existence of such an agreement, asserting only that it became aware of the other incidents following the United States Coast Guard's response to her early-2006 Freedom of Information Act ("FOIA") request, the court infers that the parties had an agreement regarding the discoverability of the "other incidents." The "other incidents" would have been subject to the same discovery request that led to the production of documents relating to the McGill and Lovrich incidents that are now the subject of Garvey's motion *in limine*, and thus, if the parties had not reached an agreement regarding the "other incidents," the court is convinced it would have been asked to resolve this discovery dispute many months ago. Furthermore, Buckhouse fails to explain why it waited until the close of discovery to submit its FOIA request to the

4

United States Coast Guard. For both reasons, Buckhouse may not proceed with the deposition of Garvey's records custodian for this purpose. And since Buckhouse is not entitled to discovery Garvey's marine casualty reports for the ten years preceding the subject accident, Buckhouse has no need to depose Garvey's records custodian for the purpose of authenticating such documents.

Finally, the court concludes that a deposition of Garvey's records custodian for the purpose of authenticating and making a thorough accounting of the documents produced in this litigation is unnecessary and would be unduly burdensome to Garvey. Again, Garvey has agreed to stipulate to the authenticity of any document produced by it during this litigation; a deposition for that purpose is therefore unnecessary. The document production in this case has been substantial, and thus, a deposition for the purpose of listing every document produced would be exceedingly tedious and time-consuming. Buckhouse has had ample opportunity to review and copy the documents produced by Garvey, and if she is unsure as to whether she has in her possession every produced document, the court can see no reason why she should not simply pay for a second production.

## CONCLUSION

In light of the foregoing, Garvey's motion for a protective order [#431] is granted in part and denied in part.

Dated: June 27, 2006    Enter: _____

JOAN HUMPHREY LEFKOW
United States District Judge